Eric Fagan  SBN 87071
2220 Otay Lakes Rd. #502-84
Chula Vista, Ca. 91915
efagan@efaganlaw.com
Phone: 619-656-6656
fax:  775-989-5471
Attorney for Plaintiffs ARMANDO ABUAN and LINDA NGUYEN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABUAN, and<br>LINDA NGUYEN,<br><br>   Plaintiffs<br><br>v.<br><br>ASSET ACCEPTANCE LLC, a corporation;<br>MARY ACEVES, an individual; and DOES 1<br>through 10 inclusive,<br><br>   Defendants<br><br>_____ | **Civil Case No.:**<br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL (Unlawful Debt Collection<br>Practices)** |

## COMPLAINT

### I.  INTRODUCTION

1.  This is an action for damages brought by two individual consumers against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act")  both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.  PARTIES

3.      Plaintiffs **ARMANDO ABUAN ("ABUAN")** and **LINDA NGUYEN ("NGUYEN"),** husband and wife, are natural persons residing in California.

4.      Defendant **ASSET ACCEPTANCE LLC ("ASSET")** is a corporation doing business of collecting debts in California operating from an address at 6985 MILLER DRIVE, WARREN, MI 48092.

5.      Defendant **MARY ACEVES ("ACEVES")** is a natural person employed by Defendant ASSET as a collector at all times relevant to this complaint.

6.      Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7.      Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiffs as set forth below.  Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiffs.

8.      Plaintiff ABUAN is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

9.      The purported debt that Defendants attempted to collect from Plaintiff ABUAN was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10.      Plaintiff ABUAN  is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

11.      The purported debt which Defendants attempted to collect from Plaintiff ABUAN was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

### IV.  FACTUAL ALLEGATIONS

12.      On or about March 23, 2006 Merchants' Credit Guide Co. ("Merchants") mailed a letter to Plaintiff ABUAN in an attempt to collect a debt allegedly originally owed to Zales Corporation ("Zales"),

1    account number 6035251004639865 (the "alleged debt").

2         13.    Merchants' letter stated that Defendant ASSET had purchased the alleged debt from Zales;

3    the balance of the alleged debt was $6,106.37.

4         14.    On May 3, 2006 Defendant ASSET wrote to Plaintiff ABUAN requesting payment of the

5    alleged debt.

6         15.    Defendant ASSET had caused to be entered upon Plaintiff ABUAN's credit report a negative

7    entry of the erroneous Zales account.

8         16.    On April 21, 2006 Plaintiff ABUAN made an online dispute of the entry in question on his

9    credit with Trans Union and Experían credit bureaus.

10        17.    As neither Trans Union nor Experían made a change in the entry as a result of this dispute,

11   Plaintiff ABUAN is informed and believes that Defendant ASSET did no more in response to inquiry by

12   each bureau than admit Plaintiff ABUAN had disputed the debt.

13        18.    On April 25, 2006  Plaintiff ABUAN wrote to Equifax, a Credit Reporting Bureau and

14   disputed the entry made upon  his credit by Defendant ASSET.

15        19.     On May 15, 2006 Exquifax replied in writing to Plaintiff ABUAN stating that it had

16   "updated," but had not removed the negative entry in question; Defendant ASSET had acknowledged that

17   Plaintiff ABUAN disputed the account, but did not instruct Equifax to remove the entry.

18        20.    On May 10, 2006 Plaintiff ABUAN wrote to Defendant ASSET to dispute the debt,

19   explaining that he had a Zales account number 58300466354, which had always been kept current, had a

20   high balance of $515, and a current balance of $0.

21        21.    On May 19, 2006, Defendant ACEVES, in a continuing attempt to collect the alleged debt,

22   wrote to Plaintiff ABUAN and enclosed with her letter an Asset Acceptance Account Statement; ACEVES

23   did not verify the debt as requested by Plaintiff ABUAN.

24        22.    On May 24, 2006 Defendant ACEVES wrote another letter to Plaintiff ABUAN in a

25   continuing attempt to collect the alleged debt in which she stated that "we have reviewed the information you

26   provided, as well as our notes and the information provided from the original creditor" but did not otherwise

27   verify the debt as requested by Plaintiff ABUAN.

28   //

**COMPLAINT AND DEMAND FOR JURY TRIAL**

23.     Plaintiff ABUAN also disputed entries placed by Defendant ASSET on his credit reports with Trans Union and Equifax, but after investigation by those two credit bureaus the entries remained unchanged.

24.     On May 24, 2006, Plaintiff ABUAN's counsel, attorney Eric F. Fagan wrote to Defendant ASSET explaining that Plaintiffs were attempting to purchase a home and that the erroneous entry on their credit was negatively impacting their ability to complete the purchase; Defendant ASSET did not respond to this letter.

25.     Plaintiffs have never been behind on any of their bills. As a result of the acts alleged above, Plaintiffs suffered fear, loss of happiness, and irritability. The intimate relationship between Plaintiffs was disrupted.  Plaintiff ABUAN lost concentration at work; his performance suffered because he was distracted.

26.     Plaintiffs are particularly fearful that they may lose the impending purchase of their home because of the acts of Defendants, or be forced to pay a higher interest rate on their home purchase loan.

27.     The acts complained of above are part of a pattern and practice of harassment by Defendants.

## V.  FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

28.     Plaintiffs repeat,  reallege, and incorporate by reference all of the foregoing paragraphs.

29.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)     The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(b)     The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(c)     The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character and amount of the alleged debt;

(d)     The Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which

should be known to be false, including the failure to communicate that a
disputed debt is disputed;

(e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(f) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(g) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

(h) The Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection activities after the Plaintiff made a timely validation request;

30.   As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.   SECOND CLAIM FOR RELIEF

### (**Against all Defendants for Violation of the Rosenthal Act**)

31.   Plaintiffs repeat,  reallege, and incorporate by reference all of the foregoing paragraphs.

32.   Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

33.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

34.   As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

35.   Defendants' violations of the Rosenthal Act were willful and knowing.  Defendants are therefore liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CLAIM FOR RELIEF

### (As against all Defendants for Intentional Infliction of Emotional Distress)

36.     Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

37.     Defendants willfully performed the aforesaid acts with the intent to abuse and coerce and create great mental and physical pain and damage to Plaintiffs.

38.     Plaintiffs did in fact experience great mental and physical pain as a result of the acts of Defendants as alleged above.

39.     Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiffs for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants and each of them for the following:

A.   Actual damages;

B.   Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

C.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

D.   For punitive damages;

E.   For such other and further relief as the Court may deem just and proper.

Dated 7/11/2006

_____
Eric F. Fagan, Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

Dated 7/11/2006

_____
Eric F. Fagan, Attorney for Plaintiffs

**COMPLAINT AND DEMAND FOR JURY TRIAL**